Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000658
19-MAR-2013
08:33 AM

NO. CAAP-11-0000658

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARWAN TIMOTHY SAAD JACKSON, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 06-1-0045)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Marwan Timothy Saad Jackson
(Jackson) appeals from the August 16, 2011 judgment of the
Circuit Court of the Third Circuit[1] (circuit court), convicting
Jackson of the lesser included offense of manslaughter in
violation of Hawaii Revised Statutes (HRS) § 707-702 (Count I)
and of violating an order of protection in violation of
HRS § 586-11 (Count IV).

On appeal, Jackson contends that he had ineffective
assistance of counsel. Jackson claims his trial counsel rendered
ineffective assistance by failing to properly counter the State's
expert medical witness when counsel: (1) failed to hire a defense
medical expert, (2) failed to consult with a medical expert prior

_____

[1] The Honorable Greg K. Nakamura presided.

to cross-examining the State's expert witness, (3) failed to ask the State's medical expert about alternative explanations for the decedent's injuries, and (4) misstated in closing arguments that the medical examiner concluded that the decedent could not have died from a fall.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, we resolve Jackson's appeal as follows:

To demonstrate ineffective assistance of counsel, a defendant is required to prove not only that there were "specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence[,]" but also that "such errors or omissions resulted in either the withdrawal or substantial impairment of a potential meritorious defense." State v. Wakisaka, 102 Hawai'i 504, 516, 78 P.3d 317, 329 (2003) (citation omitted). Jackson has not met this burden of proof.

To the extent that Jackson argues defense counsel provided ineffective assistance by failing to obtain a medical expert, the claim fails because Jackson has not provided any information as to the testimony such a medical expert would have provided. It is well-established that "[i]neffective assistance of counsel claims based on the failure to obtain witnesses must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses." State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (emphasis added). See also State v. Fukusaku, 85 Hawai'i 462, 481, 946 P.2d 32, 51 (1997); State v. Reed, 77 Hawai'i 72, 84, 881 P.2d 1218, 1230 (1994) (overruled on other grounds by State v. Balanza, 93 Hawai'i 279, 1 P.3d 281 (2000)); State v. Aplaca, 74 Hawai'i 54, 68-69, 837 P.2d 1298, 1306 (1992). In his Opening Brief, Jackson relies merely on his own speculation as to what favorable

2

testimony a medical expert could have provided. Hawai'i precedent is clear that this is insufficient support for an ineffective assistance of counsel claim based on failure to obtain a witness.

To the extent Jackson argues that an expert should have been consulted, Jackson also fails to produce any evidence supporting this argument. Although Jackson provides speculative arguments about how consultation with a medical expert would have been beneficial, there is no actual evidence or information as to what a consultant would have done, given the circumstances of the case. Cf. Reed, 77 Hawai'i at 84, 881 P.2d at 1230; State v. Montalbo, 73 Haw. 130, 146, 838 P.2d 1274, 1283 (1992).

To the extent that Jackson argues that defense counsel's assistance was ineffective due to counsel's failure to question the State's expert witness, Kanthi De Alwis, M.D. (Dr. De Alwis), in regards to whether injuries to the decedent's head could have been caused by falling, Jackson fails to demonstrate that counsel lacked skill, judgment, or diligence or that such questions would have bolstered a meritorious defense. Indeed, given the direct testimony by Dr. De Alwis, that the decedent died from injuries to her head and brain and that certain significant injuries could not have been caused by a fall, further questions on cross-examination as Jackson now asserts could have further underlined for the jury that Jackson's defense theory was unmeritorious. Cf. State v. Silva, 75 Hawai'i 419, 440-41, 864 P.2d 583, 593 (1993).

To the extent that Jackson alleges that defense counsel's characterization of Dr. De Alwis's testimony during closing arguments substantially impaired his defense, Jackson fails to demonstrate that counsel's characterization constitutes ineffective assistance of counsel. Given the overall testimony by Dr. De Alwis, defense counsel's characterization of her

3

testimony was not unfounded. Further, Jackson fails to demonstrate that counsel's statement was the result of something other than tactical decision-making. It is well established in Hawai'i that "'defense counsel's tactical decisions at trial generally will not be questioned by a reviewing court.'" Silva, 75 Hawai'i at 441, 864 P.2d at 593 (brackets omitted) (quoting State v. Antone, 62 Hawai'i 346, 352, 615 P.2d 101, 106 (1980)). It is also understood that, "[l]awyers require and are permitted broad latitude to make on-the-spot strategic choices in the course of trying a case." Silva, 75 Hawai'i at 441, 864 P.2d at 593.

Given that defense counsel did not merely concede that a fall could not have caused the decedent's injuries, but rather went on to argue that multiple falls could explain the injuries, the statement can reasonably be viewed as a tactical decision to address Dr. De Alwis's testimony. Therefore, it does not amount to ineffective assistance of counsel.

Therefore,

IT IS HEREBY ORDERED that the August 16, 2011 judgment of the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 19, 2013.

On the briefs:

Venetia K. Carpenter-Asui
for Defendant-Appellant

Michael S. Kagami
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Lawrence M Reifurth*

Associate Judge

*Alexa D. M. Fujise*

Associate Judge

4